UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
Civil Case No. 1:19-cv-01962-DDD-NRN

ANSA M. VAN ROMBURGH,

Plaintiff,

v.

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER,

Defendant

_____

**PLAINTIFF''S MOTION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR NON COMPLIANCE WITH THE REQUIREMENTS OF CIV.R.56**
_____

### 1    INTRODUCTION

Nationstar Mortgage d/b/a Mr Cooper filed a Motion for Summary Judgment against Plaintiff Ansa M van Romburgh (Doc.83) on February 12, 2021.

Nationstar's argument for the Motion is based on and relies on a supporting affidavit from their vice president A.J. Loll who has no personal knowledge of the case (their Exhibit B). A.J. Loll swears on the authenticity, truth and correctness of Nationstar's records including their 17-page Communication History Profile (their Exhibit 3) which was altered and redacted to disguise information on at least 3 occasions.

Comes now in opposition to Nationstar's Motion for Summary Judgment, Plaintiff Ansa M van Romburgh and motions this Court to deny Nationstar's Motion for Summary Judgment on the grounds that A.J. Loll's affidavit, and therefore Nationstar's Motion for Summary Judgment, do not satisfy the personal knowledge and competency requirements of Civ.R. 56(e), and furthermore that A.J. Loll's Sworn affidavit, that is based on altered, redacted, and untrue records, is presented in bad faith pursuant to Civ.R. 56(g) which also

makes him guilty of contempt of this Court.

## 2     LEGAL ARGUMENT

**Nationstar's Motion for Summary Judgment does not satisfy the personal knowledge and competency requirements of Civ.R. 56(e)**

Pursuant to Civ.R. 56(e) supporting affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and that the affidavit shall show affirmatively that the affiant is competent to testify to the matters stated therein.

But A.J. Loll only states in his affidavit on Nationstar's page 2 of Doc 83-7 in paragraph 2 "I am familiar with the type of records maintained in connection with the loan which may include..." and further "I have knowledge of the records because I use the records on a daily basis..."

A.J. Loll evidently has no personal knowledge of Plaintiff's case as required by Civ.R. 56(e). The fact that he has knowledge of the types of records and now uses the records on a daily basis does not qualify him for the personal information required pursuant to Civ.R. 56(e).

Nowhere during all the months of the contested foreclosure was A.J. Loll ever involved. Instead, the Nationstar representatives involved, who have personal knowledge, are Rosio Rosas, Tania Hatton, Eddie Arruda, Amy Cooper, Nicole Hudson, Kristie, Chan, Jennifer, Mary and Letricia Shedd. A.J. Loll only afterwards might only have read some of the records, which does not give him any personal knowledge of the case.

The fact that A.J. Loll's version of the facts of the case is in such stark contrast to the version of Nationstar employees who actually were personally involved in the case, proofs that he has no personal knowledge. For example, during a recorded phone call # 873001119964607 on 04/10/19 (which is attached to Defendant's own discovery documents), Nationstar representative Chan based in Texas, who has personal knowledge of the case, informed at 1:55 "you are paperless, so that means everything is going to your email". A.J. Loll as is admitted in his 10-page sworn statement was not even aware of this important fact due to his total lack of personal knowledge of the case.

Page 9 Paragraph 15 of The Deed of Trust (Exhibit 65) rules "The notice address shall be the property address unless Borrower has designated a substitute notice address by notice to Lender".  Because A.J. Loll has no personal knowledge of Plaintiff's case, he evidently is unaware that Plaintiff's address was changed to paperless, as acknowledged by Nationstar representative Chan based in Texas, who has personal knowledge of the case. (recorded phone call # 873001119964607 on 04/10/19, which is attached to Defendant's own discovery documents).

Page 9 Paragraph 15 of The Deed of Trust (Exhibit 65) further rules "Any notice in connection with this security instrument shall not be deemed to have been given to Lender until actually received by Lender" On Page 80 of Nationstar's Affidavit is proof of the Notice being Returned to Nationstar and therefore never received by Plaintiff. Due to A.J. Loll's lack of personal knowledge, he is under the wrong impression that the Notice satisfied the Notice requirement. A.J. Loll therefore does not meet either the personal knowledge, nor competency requirements of Civ.R. 56(e)

**Affidavits Made in Bad Faith**

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this Rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

A.J. Loll's affidavit and therefore Nationstar's Motion for Summary Judgment is presented in bad faith pursuant to Civ.R. 56(g). Nationstar's Communication History Profile (Nationstar Exhibit 3) was altered and redacted to disguise information on at least 3 occasions:

I. It was altered to disguise an entry made on 06/10/18 "COMMENT REMOVED DUE TO BUSINESS REQUEST TK# 3990146" on Nationstar's page 23 of Doc 83-7.

II. On Nationstar's page 30 of Doc 83-7, two lines concerning an amount of $4553.55 were redacted.

III. On Nationstar's page 33 of Doc 83-7 four lines of the only telephone conversation Nationstar's Designated Single Point of Contact ever had with Plaintiff were inexplicably redacted. Therefore Nationstar fraudulently altered and disguised from this Court all evidence of a crucial phone conversation between their Designated Single Point of Contact and Plaintiff.

## CONCLUSION

The Court should deny Nationstar's Motion for Summary Judgment on the grounds that A.J. Loll's affidavit and therefore Nationstar's Motion for Summary Judgment does not satisfy the personal knowledge and competency requirements of Civ.R. 56(e) and further on the ground that A.J. Loll's affidavit and therefore Nationstar's Motion for Summary Judgment is presented in bad faith pursuant to Civ.R. 56(g).

Respectfully submitted submitted this 29th day of March, 2021.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

## CERTIFICATION OF SERVICE

I certify that on this 29th day of March, 2021, a true and correct copy of the PLAINTIFF''S MOTION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR NON COMPLIANCE WITH THE REQUIREMENTS OF CIV.R.56, together with supporting documents, were filed electronically via CM/ECF on the Defendant's attorneys, ACKERMAN LLP at 1900 16th Street, Suite 1700 DENVER, CO 80202.

_____

Ansa M. van Romburgh, Plaintiff *Pro Se*
6537 N 55th Ave, Unit 744, Glendale, AZ, 85311
Phone Number: 970-739-2175
E-mail: ansa.romburgh@gmail.com