**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:19-cv-01962-DDD-NRN

ANSA M. VAN ROMBURGH,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER,

    Defendant.

**RESPONSE TO MOTION TO DENY MOTION FOR SUMMARY JUDGMENT**

Nationstar Mortgage LLC dba Mr. Cooper responds to Ms. Van Romburgh's motion to deny defendant's motion for summary judgment (Dkt. 90), which is effectively a surreply to Nationstar's motion for summary judgment, pursuant to the court's order (Dkt. 91).[1]

**A.**    **Affiant Personal Knowledge**

Ms. Van Romburgh attacks Nationstar's motion for summary judgment by claiming its affiant, A.J. Loll, lacks sufficient personal knowledge to support the motion under Federal Rule of Civil Procedure 56. (Dkt. 90 pp. 1, 2.) The rule states "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Ms. Van Romburgh believes this means Nationstar had

---

[1] Nationstar acknowledges the court's decision not to strike the motion at the summary judgment hearing on March 29, 2021. (Dkt. 91.) But solely for preservation purposes, Nationstar continues to object to the motion on procedural grounds. The court ordered Ms. Van Romburgh to submit any opposition to Nationstar's motion for summary judgment by March 5, 2021. (Dkt. 85.) Ms. Van Romburgh did so. (Dkt. 86.) She never asked for leave to submit this untimely surreply to the motion.

an obligation to submit an affidavit by someone involved with her loss mitigation or foreclosure proceedings. (Dkt. 90 p. 2.) That is not the standard.

Mr. Loll testified to his personal knowledge formed after reviewing Ms. Van Romburgh's loan records. The purpose was to authenticate and admit the business records into evidence. He was permitted to do so. Federal Rule of Evidence 803(6) creates the business records exception to the hearsay rule. Business records are admissible if made at or near the time by—or from information transmitted by—someone with knowledge, the record was kept in the course of regularly conducted activity, and making the record was a regular practice of that activity. Fed. R. Evid. 803(6). The proponent can show the conditions "by the testimony of the custodian or another qualified witness." *Id.* Courts frequently admit loan servicer records into evidence under Rule 803(6). *See e.g. U.S. v. Irvin*, 682 F.3d 1254, 1261 (10th Cir. 2012) (explaining business records are admissible in evidence based on a qualified affiant's testimony); *Deutsche Bank Nat'l Tr. V. Moynihan*, 270 F.Supp.3d 497, 514 (D. Mass. 2017) (agreeing affiant met the personal knowledge requirement under Fed. R. Civ. P. 56 when he also met the business records exception under Fed. R. Evid. 803(6)).

Mr. Loll established his personal knowledge of Ms. Van Romburgh's account and the admissibility of Nationstar's business records under the exception to the hearsay rule. (Dkt. 83-7 pp. 2-10.) He formed his personal knowledge of the account by reviewing Nationstar's business records. (*Id.* at pp. 2-3.) He then attached records to his affidavit supporting every statement he made. (*Id.* at pp. 2-10.) Mr. Loll also explained he is able to interpret records and obtain his personal knowledge as a vice president for Nationstar. (*Id.* at pp. 2.) As part of his job responsibilities, he is familiar with the records Nationstar maintains. (*Id.*) He uses them on a

2

daily basis in performing his job and has been trained in Nationstar's record-keeping system. (*Id.* at pp. 2-3.) Mr. Loll is familiar with the records attached to his affidavit and reviewed them to ensure they are in keeping with Nationstar's record-keeping practices. (*Id.* at p. 3.) Based on his training and experience, he confirmed Nationstar's procedures for creating and maintaining loan records in a way that meets the business records exception: they are (1) created by Nationstar employees at the time when they have personal knowledge, (2) maintained in the regular course of business, and (3) created and relied on as part of Nationstar's regular practice. (*Id.*) Mr. Loll demonstrated his personal knowledge of everything he testified to in his affidavit. (*Id.* at pp. 2-10.) He authenticated and established the admissibility of every document attached to the affidavit. (*Id.*) Ms. Van Romburgh's arguments fail.

Ms. Van Romburgh's attempts to refute Mr. Loll's personal knowledge also lack merit. She claims Mr. Loll was unaware of an April 10, 2019 phone call between her and Nationstar's representative. (Dkt. 90 p. 3.) But Nationstar already explained that it provided the servicing note memorializing the April 10, 2019 conversation. (Dkt. 89 at 3 (¶ 13).) The representative told Ms. Van Romburgh that Nationstar mailed its correspondence to Ms. Van Romburgh's Arizona address on file and would mail them again. Ms. Van Romburgh even confirms she could obtain the documents a second way—by logging onto her Nationstar account portal. (Dkt. 86 at 3 (¶ 13).) Mr. Loll authenticated and established the admissibility of the evidence showing Nationstar did in fact mail the documents to Ms. Van Romburgh. (Dkt. 83-7 at p. 8 (¶ 28).)

Ms. Van Romburgh now tries to claim she actually changed her mailing address to her email address, which Mr. Loll did not know about. (Dkt. 90 at 3.) The argument is nonsensical. Ms. Van Romburgh's notice address could not be an email address. The deed of trust states

3

"[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail . . ."  (Dkt. 83-1 p. 102 (¶ 15).)  Nationstar cannot mail a notice via first class mail to Ms. Van Romburgh's email address.  There is no "email address" constituting a notice address that Mr. Loll could know about.

Ms. Van Romburgh also tries to circumvent judgment for Nationstar by quoting a subsequent sentence in the deed of trust: "[a]ny notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender."  (Dkt. 90 p. 3.)  This provision pertains to the lender's notice receipt, not Ms. Van Romburgh's.  Ms. Van Romburgh is not the lender.  (Dkt. 83-1 p. 102 (¶ 15).)  The deed of trust states that notice is deemed to be given to the borrower (i.e. Ms. Van Romburgh) "when mailed by first class mail." (*Id.*)  Nationstar proved it did so.  (Dkt. 89 p. 2 (¶ 6).)  These are the terms Ms. Van Romburgh agreed to.  (Dkt. 83-1 p. 102 (¶ 15).)

**B.    Good Faith Affidavit**

Ms. Van Romburgh also argues Nationstar submitted its affidavit in bad faith because it redacted the servicing notes attached to Mr. Loll's affidavit in three places.  (Dkt. 90 p. 4.)  She is wrong.  The first allegedly redacted entry—from June 10, 2018—is not a redaction at all.  (Dkt. 83-7 p. 23.)  The entry is fully visible.  It also predates any of the issues in this case.

The only two entries that are actually redactions contain information provided by Nationstar's counsel to Nationstar.  (*Id.* at pp. 30, 33.)  Ms. Van Romburgh is mistaken that the redacted entry on page 33 pertains to her telephone call with T.Hatton.  The redaction is for a completely separate entry.  The entries are subject to the attorney-client privilege.

They are also irrelevant to the issues supporting Nationstar's motion for summary

4

judgment. Ms. Van Romburgh is the one with the burden who must prove her claims. Nationstar provided evidence necessary to show the absence evidence on the essential elements of Ms. Van Romburgh's causes of action. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-671 (10th Cir. 1998) (When movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."). Nationstar was not required to provide additional documents or evidence beyond its prima facie case, especially ones that would waive the attorney-client privilege.

**C.     Janeway's Cure Statement**

The court also appeared concerned with Janeway Law Firm, P.C. providing an estimate in its cure statement sent to the public trustee at the March 29, 2021 summary judgment hearing. (*See* Dkt. 86-1 p. 4.) To aid the court in ruling on the summary judgment motion, Nationstar references Colorado Revised Statute § 38-38-104. The statute details Colorado's cure statement process. Specifically, the servicer's attorney is required to provide a cure statement to the public trustee after receiving the borrower's notice of intent to cure. C.R.S. § 38-38-104(2)(a)(I). The cure statement follows the specific form required under the statute. C.R.S. § 38-38-104(2)(a)(II). The form expressly provides a field for "any amount that is based on a good faith estimate [] indicated with an asterisk." *Id.* The statute also provides "[a]n estimate as allowed under subsection (5) of this section is not an inaccurate amount . . ." C.R.S. § 38-38-104(2)(a)(III).

If the borrower does in fact submit the cure amount, the public trustee will notify the servicer's attorney and the servicer will then provide a reconciled cure statement that includes amounts that were not or would not be incurred as of the date the cure proceeds were received.

5

C.R.S. § 38-38-104(2)(a)(IV).  "All amounts of cure proceeds received by the officer in excess of the amounts reflected on the final statement shall be remitted by the officer to the person who paid the cure amount."  *Id.*  The cure statement attached to Ms. Van Romburgh's motion for summary judgment followed the required Colorado statutory provisions.  (Dkt. 86-1 p. 4.)

Respectfully submitted, this 1st day of April, 2021.

*s/ Erin E. Edwards*
Justin D. Balser
Erin E. Edwards
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:    (303) 260-7714
Email: justin.balser@akerman.com
Email: erin.edwards@akerman.com

*Attorneys for defendant*
*Nationstar Mortgage LLC d/b/a Mr. Cooper*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

                                                              *s/ Erin E. Edwards*
                                                              Justin D. Balser
                                                              Erin E. Edwards
                                                              **AKERMAN LLP**
                                                              1900 Sixteenth Street, Suite 1700
                                                              Denver, Colorado 80202
                                                              Telephone:   (303) 260-7712
                                                              Facsimile:    (303) 260-7714
                                                              Email: justin.balser@akerman.com
                                                              Email: erin.edwards@akerman.com

                                                              *Attorneys for defendant*
                                                              *Nationstar Mortgage LLC d/b/a Mr. Cooper*

57455796;1

## CERTIFICATE OF SERVICE

I certify on this 1st day of April, 2021, a true and correct copy of the foregoing **RESPONSE TO MOTION TO DENY MOTION FOR SUMMARY JUDGMENT** was filed electronically via CM/ECF and served via U.S. Mail on the following:

Ansa M. Van Romburgh
6537 N. 55th Ave, Unit 744
Glendale, Arizona 85311

*Plaintiff pro se*

                                                *s/ Donna Grech-Sanchez*
                                                Donna Grech-Sanchez

57455796;1